Michael Wayne Salster was indicted and convicted for the unlawful possession of hydrocodone. Sentence was a $20,000 fine and twenty years' imprisonment. The issue on appeal concerns the propriety of the prosecutor's comment that the jury should consider the defendant's "non-verbal" conduct at the scene of the crime.
On the morning of June 3, 1984, officers of the Talladega Police Department stopped the vehicle in which Salster was riding as a passenger. Officer Joe Hare testified that, after the car was stopped, he observed Salster "sliding down into the seat and placing something either under his buttocks or behind it." Both the driver of the car and Salster staggered when they got out of the car and appeared to be intoxicated. Officer Hare looked "in the area where Mr. Salster had been sitting and found a bag of tablets or pills." Officer Tim Crowe testified that Captain Hare told the other officers to be careful and said, "He's putting something behind the seat." Later, when Salster was searched, one pill was discovered in his pocket. That pill was the same as those found in the bag.
In his closing argument to the jury, the prosecutor stated, "But the main thing I think we can look at is the evidence of his non-verbal conduct out there__."
After discussion outside the presence of the jury, the trial court denied Salster's motion for a mistrial, which alleged that the prosecutor's comment constituted a direct comment on the accused's right against self-incrimination. The trial court instructed the prosecutor "don't go into that any further," and thoroughly instructed the jury to disregard the prosecutor's statement and that not to disregard it would be improper. The trial court then polled the jury and each juror indicated that he or she could disregard the statement and give it no consideration.
The prosecutor's comment was a proper and legitimate argument on the evidence before the jury. "[T]he use of the post-arrest, post-Miranda warning silence of the accused as evidence of his guilt is a violation of the Due Process Clauses of both the Fourteenth Amendment to the Constitution of the United States and Section Six of the Alabama Constitution of 1901." Houstonv. State, 354 So.2d 825, 828 (Ala.Cr.App. 1977), cert. denied,354 So.2d 829 (Ala. 1978). See also Doyle v. Ohio,426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976); Ex parte Harris,387 So.2d 868 (Ala. 1980); Craig v. State, 375 So.2d 1252, 1255
(Ala.Cr.App.), cert. denied, 375 So.2d 1257 (Ala. 1979). However, the adverse use of a defendant's pre-arrest silence,Jenkins v. Anderson, 447 U.S. 231, 100 S.Ct. 2124,65 L.Ed.2d 86 (1980), or his silence in the absence of Miranda warnings,Fletcher v. Weir, 455 U.S. 603, 102 S.Ct. 1309, 71 L.Ed.2d 490
(1982), does not offend the constitutional principles of the Fifth Amendment. Here, the defendant's "non-verbal acts" were committed before the giving of any Miranda warning.
More significant and relevant in this case is the fact that the prosecutor singled out the defendant's "non-verbal acts" at the scene of the crime. The Fifth Amendment privilege against self-incrimination is "a bar against compelling `communications' or `testimony', but that compulsion which makes a suspect or accused the source of `real or physical evidence' does not violate it." Schmerber v. California,384 U.S. 757, 764, 86 S.Ct. 1826, 1832, 16 L.Ed.2d 908 (1966). Hence, the defendant's conduct ["non-verbal"] in secreting the contraband was not constitutionally protected. *Page 1022 
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.